UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

The Home Insurance Company,
as the successor to The
Home Indemnity Company
and The City Insurance
Company,

Plaintiff,

vs. ORDER

Marvin Lumber & Cedar
Company, Marvin Windows
of Tennessee, Inc., and
Marvin Windows, Inc.,

Defendants. Civ. No. 00-2640 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of December, 2001.

* * *

On December 6, 2001, the Court heard argument on the Plaintiff's Motion to Strike a Certain Portion of Defendants' Counterclaim or, in the alternative, for a More Definite Statement. At the time of the Hearing, the Plaintiff appeared by Daniel J. Cunningham and Susan B. DeVos, Esqs., and the Defendants appeared by Brooks F. Poley, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we deny the Plaintiff's Motion.

The portion of the Defendants' Answer and Counterclaim, which is at issue, reads as follows:

16

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> Plaintiff directly or through its successors and/or predecessors and/or affiliated parties in consideration of the payment of premiums by Defendant(s) issued certain policies of insurance to Defendant(s) and thereby became contractually obligated to Defendant(s) as set forth in the terms of those contractual policies of insurance and applicable law. Plaintiff directly and/or through its successors, predecessors and/or affiliates, breached their contractual <u>and legal obligations</u> to Defendant(s) * * *.

<u>Defendants' Counterclaim</u>, at ¶1 [emphasis added].

The Counterclaim goes on to list twelve separate allegations regarding the alleged breaches by the Plaintiff.

The Plaintiff initially sought to strike the term "and legal obligations," in accordance with Rule 12(f), Federal Rules of Civil Procedure.[1] Specifically, the Plaintiff contends that the phrase may be redundant with the allegation that the Plaintiff breached its "contractual obligations," or that the phrase may be a veiled reference to an alleged breach of a covenant of good faith and fair dealing. However, the Defendants have represented that the term

---

[1]Rule 12(f) provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

"legal obligations" does not refer not to the alleged breach of "contractual obligations," nor is the phrase an artful reference to a claimed breach of a covenant of good faith and fair dealing. Rather, the Defendants explain that the reference is directed to alleged breaches, the by Plaintiff, of various State laws which pertain to insurers, such as the Plaintiff. As a consequence, the Plaintiff has abandoned its Motion to Strike.[2]

The Plaintiff continues to advance, however, its request for a more definite statement of the Defendants' claim, under Rule 12(e), Federal Rules of Civil Procedure.[3] According to the Plaintiffs, as presently pled, it remains unclear which State laws the Defendants allege the Plaintiff has breached. Although a Motion under Rule 12(e) is rarely granted, as Rule 8(a)(2), Federal Rules

---

[2]Even in the absence of such a withdrawal, we would find no competent basis to strike the phrase "legal obligations," as the Defendants have shown that the phrase is not redundant. See, e.g., Standbury Law Firm v. I.R.S., 221 F.3d 1059, 1062 (8th Cir. 2000) (declaring that Motions to Strike under Rule 12(f), Federal Rules of Civil Procedure, are an "extreme measure," and should be "viewed with disfavor and * * * infrequently granted").

[3]Rule 12(e) provides, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

of Civil Procedure, merely obligates a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief," a Court may grant a Rule 12(e) Motion when a party completely fails to satisfy the notice pleading requirements. See, e.g., Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346, 348-49 (D. Minn. 1995). Nonetheless, Rule 12(e) is not a cure for lack of detail. Id., citing Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993). Rather, in such circumstances, the proper route to obtain more information is through discovery.

We conclude that, in this instance, the Defendants' Counter-claim satisfies the notice pleading requirements of Rule 8, and that a more definite statement is unnecessary, and impractical. While the Defendants have not specifically set forth every conceivable Statute which the Plaintiff is alleged to have violated, see, Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co., 23 F. Supp.2d 974, 1008 (N.D. Iowa 1998)("[A]bsent special circumstance, a Rule 12(e) motion cannot be pursued to require the pleader to set forth the statutes or judicial decision upon which he intends to rely."), quoting Miller and Wright, Federal Practice and Procedure, §1377 at 607-08 (1990), they have explained that, since this case involves lawsuits in various jurisdictions, there are a number of different laws, in different States, which may be applicable. Thus, they have set out the types of laws which they believe the Plaintiff has

violated. We conclude that the listing is sufficient, as augmented by future discovery. We, therefore, deny the Plaintiff's Motion to Strike or, in the alternative, for a more definite statement.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Strike a Certain Portion of Defendant's Counterclaim or, in the Alternative, for a More Definite Statement [Docket No. 12] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE