UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

The Home Insurance Company, as the successor to the Home Indemnity Company and the City Insurance Company,

Plaintiff,

vs. MINUTE ORDER

Marvin Lumber & Cedar Company, Marvin Windows of Tennessee, Inc., and Marvin Windows, Inc.,

Defendants. Civ No. 00-2640 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of August, 2002.

* * *

On August 16, 2002, the Court heard argument on the parties' joint, informal Motion for an extension of the pretrial deadlines. At the time of the Hearing, the Plaintiff appeared by Daniel J. Cunningham, Esq., and the Defendant appeared by Donald J. Brown, Esq.

Under Rule 16(b), Federal Rules of Civil Procedure, the parties are required to show good cause as to why this Court should grant a Motion which seeks to amend the Pretrial Order. The parties informed the Court that, during the pendency of the Plaintiff's Motion for Summary Judgment, the parties engaged in only

(32)

FILED AUG 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

limited discovery, apparently sharing a belief that the ruling on that Motion would significantly narrow the issues involved in the action, and correlatively, would significantly narrow the required discovery. In addition, the parties express a genuine interest in resolving this matter amicably, and have expended some effort in that direction, at the expense of preparing this case for Trial. As we explained at the Hearing, however, we can find no cause to extend the Pretrial Scheduling Order as a result of the parties' failure to diligently engage in discovery, and any related Motion practice. Had the parties felt that a Stay in discovery was warranted, they could have addressed that interest to either the District Court, which heard the Summary Judgment argument, or to this Court. They did neither.

Further, fully two months have passed since the issuance of the Court's Order on the Summary Judgment Motion and, despite being faced with pressing Pretrial deadlines, the parties have not promptly sought the Court's intervention. Although we applaud the parties' efforts in seeking a settlement, we are unable to conclude that the engagement in settlement discussions, without more, should trump the deadlines set in a Pretrial Scheduling Order.

Were the foregoing the only showings the parties offered in support of their Motion for an extension of deadlines, we would flatly deny the extensions they request. However, at the time of

the Hearing, the parties advised the Court that the scope of their case has substantially increased since the time that the original Pretrial deadlines were established -- from, initially, sixty claims at issue to, now, some two hundred and sixty claims -- some of which are of recent vintage. Given this showing, we conclude that the parties have met their burden of good cause for an extension. Nevertheless, we conclude that the requested six month extension is excessive.

Accordingly, we direct that all Motions which seek to amend the pleadings, or to add parties, must be filed and the Hearing thereon completed, on or before **October 1, 2002.** The party carrying the burden of proof as to an issue requiring expert opinion evidence, shall serve its expert reports on or before **November 1, 2002,** and the responding party's disclosures, and accompanying expert reports, shall be disclosed on or before **December 1, 2002.** The period, during which the parties may conduct discovery, shall expire on **January 1, 2003.** All nondispositive Motions shall be filed, and the Hearing thereon completed, on **February 1, 2003,** and all dispositive Motions shall be fully briefed, and the complete set of Motions papers filed with the Clerk of Court, on or before **May 1, 2003.** This case shall be "Ready for Trial" on **June 1, 2003,**

or thirty days after the Court renders an Order on any then-pending dispositive Motion.

NOW, THEREFORE, It is --

ORDERED:

1. That the parties' informal joint Motion for an Extension of Pretrial Deadlines is GRANTED.

2. That all Motions which seek to amend the pleadings, or to add parties, must be filed and the Hearing thereon completed, on or before **October 1, 2002.**

3. That, the party who carries the burden of proof as to an issue requiring expert opinion evidence, shall serve its expert reports on or before **November 1, 2002**, and the responding party's disclosures, and accompanying expert reports, shall be disclosed on or before **December 1, 2002.**

4. That the period, during which the parties may conduct discovery, shall expire on **January 1, 2003.**

5. That, all nondispositive Motions shall be filed, and the Hearing thereon completed, **by no later than February 1, 2003,** and all dispositive Motions shall be fully briefed, and a complete set of Motions papers filed with the Clerk of Court, **on or before May 1, 2003.**

6. That this case shall be "Ready for Trial" on **June 1, 2003,** or thirty days after the Court renders an Order on any then-pending dispositive Motion.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE